Mark F. Anderson (SBN 44787)
ANDERSON CONSUMER LAW
1736 Stockton Street, Ground Floor
San Francisco, CA 94133
Telephone: (415) 651-1951
Email: mark@andersonconsumerlaw.com

Attorneys for Plaintiff Valerie Wiggins

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Valerie Wiggins,<br><br>        Plaintiff,<br><br>v.<br><br>Hunter Warfield, Inc., a Maryland corporation,<br><br>        Defendant. | Case No.<br><br>**COMPLAINT**<br><br>Violation of the Fair Credit Reporting Act and Other Consumer Protection Statutes<br><br>Jury Trial Demanded |

**Preliminary Statement**

1. This is an action for damages brought by plaintiff Valerie Wiggins against defendant Hunter Warfield, Inc. for violation of the Fair Credit Reporting Act ("FCRA"), the Consumer Credit Reporting Agencies Act, the Fair Debt Collection Act, and the Rosenthal Fair Debt Collection Practices Act.

**The Parties**

2. Plaintiff Valerie Wiggins is a resident of Alameda County, California.

3. Defendant Hunter Warfield, Inc. is a Maryland corporation and a furnisher of consumer information to the national credit reporting agencies. Hunter Warfield, Inc. is a debt collector that has its principal place of business in Tampa, Florida.

**Jurisdiction & Venue**

4. The court has federal question jurisdiction over the FCRA claims pursuant to 15 USC §1681p and supplemental jurisdiction over the state law claims pursuant to 15 USC § 1367.

5. The defendant Hunter Warfield, Inc. does business in this district.

**Description of the Case**

6. Plaintiff Valerie Wiggins formerly leased Apartment E in an apartment complex located at 420 Canyon Oaks Drive in Oakland, CA from Shadow Woods I LLC, a California limited liability company ("Shadow Woods"). In or about January 2013, Shadow Woods filed an eviction action against Valerie Wiggins in the Alameda County Superior Court (civil no. RG13-663764).

7. On March 8, 2013, the parties settled the case. Valerie Wiggins agreed to vacate the premises by May 31, 2013, and Shadow Woods agreed to waive claims for damages, rent and costs, except for any "excessive and intentional damages." The Court approved the parties' stipulation by order dated March 8,2013. Plaintiff Valerie Wiggins vacated the apartment as agreed leaving it in good condition with no damage excessive, intentional or otherwise.

8. Under California Civil Code § 1950.5, a former landlord cannot claim post-move out costs for repair or cleaning unless it first provides the tenant an itemized statement and substantial documentation of such costs within 21 days of the move-out. Shadow Woods did not send Valerie Wiggins a statement in compliance with § 1950.5 thereby waiving any claims for repairs or cleaning.

9. In May 2015, defendant Hunter Warfield began reporting to Experian, Equifax and Trans Union that plaintiff Valerie Wiggins owed $1,752 on an account established by a creditor named Skyline Hills.

10. On August 27, 2015, the defendant debt collector Hunter Warfield, Inc. sent plaintiff Wiggins a letter that states it was trying to collect $1,771.84 on behalf of creditor Skyline Hills.

11. On August 27, 2015, plaintiff Valerie Wiggins sent defendant Hunter Warfield, Inc. a note stating she disputed the debt. She enclosed a copy of the stipulated order entered in the landlord tenant action brought by Shadow Woods since she thought Skyline Hills and Shadow Woods might be the same company.

12. On January 11, 2016, Hunter Warfield sent plaintiff Wiggins a letter stating the balance on the Skyline Hills account was now $1,817.89 comprised of unpaid rent of $312.68 and for damage to carpet in the amount of $1,440. The letter said the creditor had charged these amounts to Valerie Wiggins in May and June 2013.

13. In September 2016, plaintiff Wiggins sent letters to Experian, Equifax and Trans Union disputing the debt it had reported to these credit reporting agencies. Plaintiff enclosed a copy of the stipulated order entered in the landlord tenant action with her dispute letters.

14. On January 26, 2017, Hunter Warfield sent plaintiff a letter demanding $1,945.95 on the Skyline Hills account.

15. In November 2017, plaintiff send a second set of dispute letters to Experian, Equifax and Trans Union disputing the reports that she owed money to Hunter Warfield.

16. On December 4, 2017, Hunter Warfield sent plaintiff a letter stating it had completed its fraud investigation and had found no evidence to support it. However, plaintiff never alleged fraud in her disputes.

17. On December 9, 2017, plaintiff Wiggins sent Hunter Warfield a letter explaining that she and Shadow Hills had settled the dispute between them as evidenced by the stipulation and order, which she enclosed with the letter.

18. On December 13, 2017, Hunter Warfield responded with a letter stating it needed more time to investigate the dispute, but to date, plaintiff has not received any substantive response to her December 9, 2017, letter.

19. Shadow Woods I LLC, a California limited liability company, was the entity that leased the apartment on Canyon Oaks Drive in Oakland to plaintiff in or about 2003.

20. Unknown to plaintiff, on April 27, 2012, Shadow Woods I LLC deeded the property that included plaintiff's former apartment to a related entity, either Skyline Hills I LLC or Skyline Hills II LLC.

21. Evidently, one of the Skyline Hills LLCs assigned the alleged debt to defendant Hunter Warfield, Inc. in May 2015.

22. By November 2016, both Skyline had entities merged and the survivor was converted to Skyline Hills I, a California limited partnership, which has its principal place of business in Corte Madera, CA. The Shadow Woods I LLC and the Skyline Hills entities were or are each owned by the same entity, PLM LLC.

23. Defendant Hunter Warfield chose to ignore the proof submitted by plaintiff Valerie Wiggins that she did not owe any money to her former landlord having settled her former landlord's claims in court. Defendant Hunter Warfield also ignored the fact that its assignor had not complied with California Civil Code § 1950.5 thereby waiving any claims.

24. Upon receipt of plaintiff's dispute letters and proof, defendant Hunter Warfield knew or should have known it was pursuing collection of an invalid debt.

25. Defendant Hunter Warfield's reports to the credit reporting agencies were inaccurate and misleading.

26. Hunter Warfield's conduct has caused plaintiff suffered actual damages in the form of (a) inability to obtain a mortgage to buy a house, b) harm to her credit reputation and credit scores, and (c) emotional distress in the form of mental pain, anguish, humiliation, embarrassment, anxiety and frustration.

27. Defendant Hunter Warfield, Inc. is a subscriber to the credit reporting agencies. As such, at least once a month, Hunter Warfield, Inc. electronically transmits its customers' account information to credit reporting agencies. Each such transmission includes changes, additions and deletions of customers' account information.

28. When Hunter Warfield, Inc. transmitted the loan account information, it knew that the Credit reporting agencies. would sell the credit information to anyone who had a permissible purpose to obtain the credit information and who was willing to pay the Credit reporting agencies. fees. Such persons include banks, finance companies and others that are in the business of loaning money to consumers.

29. During the two years preceding the filing of the complaint in this action, various credit grantors obtained plaintiff's' credit reports.

30. Each time a credit reporting agency sold a copy of plaintiff's credit reports to a potential credit grantor, plaintiff was damaged. Each such sale was a separate publication of Hunter Warfield, Inc.'s inaccurate reports.

**First Claim: Violations of the Fair Credit Reporting Act—Against Hunter Warfield, Inc.**

31. Plaintiff incorporates by reference ¶¶ 1-30.

32. The Fair Credit Reporting Act requires a furnisher such as Hunter Warfield, Inc., after receiving notice from a CRA that a consumer disputes information that is being reported by a furnisher, to conduct a reasonable investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency.

33. Within the last two years, Hunter Warfield, Inc. provided misleading, inaccurate and misleading information to the credit reporting agencies.

34. Hunter Warfield, Inc. violated sections 1681n and 1681o by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

(a) willfully and negligently failing to conduct a reasonable investigation of the inaccurate information that plaintiff disputed;

(b) willfully and negligently failed to review all relevant information concerning plaintiff's account;

(c) willfully and negligently failing to report the results of investigations to the Credit reporting agencies.;

(d) willfully and negligently failing to report the misleading, incomplete, and inaccurate status of the inaccurate information to the credit reporting agencies.;

(e) willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by the credit reporting agencies. concerning the inaccurate, misleading and incomplete information disputed by plaintiff;

(f) willfully and negligently failing to provide the credit reporting agencies. with the information and evidence plaintiff submitted to Hunter Warfield, Inc. that proved that the information concerning plaintiff's credit reports was inaccurate;

(g) willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning plaintiff's account to the credit reporting agencies.; and

35. willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 USC § 1681s-s(b).

36. Hunter Warfield, Inc. violated 15 USC § 1681s-2(a)(3) and 15 USC § 1681s-(b) by failing to mark the account as disputed and failing to inform the credit reporting agencies. the account was disputed.

37. Because of the described violations of § 1681s-2(b), plaintiff was damaged.

**Second Claim: Violation of the California Consumer Credit Reporting Agencies Act, California Civil Code §§ 1785.25 (a) – Against Hunter Warfield, Inc.**

38. Plaintiff incorporates by reference ¶¶ 1-37.

39. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

40. Hunter Warfield, Inc. negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate, misleading, and incomplete.

41. Hunter Warfield, Inc. failed to conduct a reasonable investigation as to whether its credit reporting was accurate, misleading or incomplete.

42. Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

**Third Claim—Violation of the Rosenthal Fair Debt Collection Practices Act—Against Hunter Warfield, Inc.**

43. Plaintiff incorporates by reference ¶¶ 1-42.

44. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code §1788.2(h).

45. The communications were "debt collections" as California Civil Code §1788.2(b) defines that phrase, and "initial communications" consistent with Cal. Civ. Code §1812.700(b).

46. Defendant Hunter Warfield, in the ordinary course of business, regularly, on behalf of itself, engages in debt collection as that term is defined by California Civil Code §1788.2(b), and therefore is a debt collector as that term is defined by California Civil Code §1788.2(c).

47. The alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d).

48. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person because of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code §1788.2(f).

49. Each violation by defendant was knowing, willful, and intentional, and defendant did not maintain procedures reasonably adapted to avoid any such violation.

50. Through their conduct, defendant used false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer and defendants threatened to take action that cannot legally be taken or that is not intended to be taken. Because this conduct violated 15 U.S.C. §1692e, 15 U.S.C. §1692e (2), 15 U.S.C. §1692e (8), 15 U.S.C. § 1692 (10), and 15 U.S.C. §1692f of the FDCPA, these portions are incorporated by reference in the Rosenthal FDCPA, through California Code §1788.17, this conduct or omission violated Cal. Civ. Code §1788.17.

51. Based on these violations, plaintiff is entitled to the remedies set forth in Civil Code § 1788.30.

**Fourth Claim—Violation of the Fair Debt Collection Practices Act—Against Hunter Warfield, Inc.**

52. Plaintiff incorporates by reference ¶¶ 1-51.

53. Defendant Hunter Warfield, Inc. is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a (6).

54. Defendant Hunter Warfield, Inc. violated 15 U.S.C. § 1692e (1) by falsely representing the character, amount and legal status of the alleged debt.

55. Defendant Hunter Warfield, Inc. violated 15 U.S.C. § 1692e (8) by communicating credit information it knew or should have known was false.

56. Defendant Hunter Warfield, Inc. violated 15 U.S.C. § 1692e (10) by using false misrepresentations to collect a debt.

57. Defendant Hunter Warfield, Inc. violated 15 U.S.C. § 1692f (1) by attempting to collect a debt that was not authorized by the lease agreement between plaintiff Wiggins and the owner of the apartment complex.

58. Based on these violations, plaintiff is entitled to actual and statutory damages pursuant to 15 U.S.C. § 1692k.

**PRAYER**

WHEREFORE, plaintiff prays for judgment as follows:

1. Actual, statutory and punitive damages;
2. Injunctive relief;
3. Costs and attorney's fees; and
4. Such other relief as the Court may deem proper.

Dated: January 10, 2018.

ANDERSON CONSUMER LAW

By /s/ *Mark F. Anderson*
Mark F. Anderson
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues.

Dated:  January 10, 2018.

ANDERSON CONSUMER LAW

By /s/ *Mark F. Anderson*
Mark F. Anderson
Attorney for Plaintiff